IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jerome Curry, | ) | Case No. 0:24-cv-05778-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's objections to the Magistrate Judge's November 19, 2024, Order (the "November 19 Order") [Doc. 16], a Report and Recommendation ("Report") of the Magistrate Judge [Doc. 19], and a motion for summary judgment by Plaintiff [Doc. 4]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

## BACKGROUND

Plaintiff's Complaint was entered on the docket on October 10, 2024 [Doc. 1], as was a motion for leave to proceed in forma pauperis ("IFP") [Doc. 2] and a motion for summary judgment [Doc. 4]. In the November 19 Order, the Magistrate Judge notified Plaintiff that he is barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g) because he has had at least three cases dismissed by this Court for failure to state a claim upon which relief can be granted, directed Plaintiff to pay the filing fee within 21 days, and directed Plaintiff to submit the documents necessary to bring the case into proper form for the issuance and service of process within 21 days. [Doc. 9.] The November 19 Order specifically warned Plaintiff that if he did not follow the Order's instructions, the "case may

be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure." [*Id*. at 2 (emphasis omitted).] Plaintiff filed objections to the November 19 Order [Doc. 16] but did not pay the filing fee. On December 26, 2024, the Clerk docketed Plaintiff's motion to amend the Complaint, and the caption of that motion lists only the State of South Carolina as a Defendant. [Doc. 17.]

Because Plaintiff failed to pay the filing fee, on February 13, 2025, the Magistrate Judge issued a Report recommending that the Complaint be summarily dismissed without prejudice for failure to prosecute and failure to comply with the November 19 Order.[1] [Doc. 19.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 5.] Plaintiff has not filed objections to the Report and the time to do so has passed. On February 13, 2025, after the Report was filed, the Clerk filed the same document that had been filed as the motion to amend the Complaint as the Amended Complaint [Doc. 24] and terminated all Defendants except the State of South Carolina.

## APPLICABLE LAW

**Standard of Review**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] In the Report, the Magistrate Judge considered Plaintiff's motion to amend the Complaint as an Amended Complaint and stated that "[t]o the extent [the Amended Complaint] constitutes a motion, that motion is granted." [Doc. 19 at 3 & n.2.] The caption on the Report, however, included all of Plaintiff's original Defendants, not just the State of South Carolina as listed in the Amended Complaint.

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

**The Prison Litigation Reform Act and the Three-Strikes Rule**

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), requires that this Court engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). As part of this screening process, the PLRA limits the ability of prisoners to file civil actions without prepayment of filing fees under what has become known as the three-strikes rule.

The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Thus, "[w]hen a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the [PLRA's] 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees."  *McLean v. United States*, 566 F.3d 391, 393–94 (4th Cir. 2009), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020)[2]; *see also Graham v. Riddle*, 554 F.2d 133, 134–35 (4th Cir. 1977) (explaining that the court has "the authority to deny cost-free filing" where the plaintiff is "abus[ing] the process of the court" by filing frivolous, repetitive complaints).  Without a showing of imminent danger, the prisoner must prepay the filing fee in full to proceed with his case.  28 U.S.C. § 1915(g).

## **DISCUSSION**

**Plaintiff's Objections to the November 19 Order**

In his objections to the November 19 Order, Plaintiff argues that he is in imminent danger because he has been assaulted over 27 times by "gangs and staff," all of which were "caught on prison video cam."  [Doc. 16 at 2, 3.]  In his Amended Complaint, Plaintiff further alleges that he was assaulted as recently as December 10, 2024, by officers whom he has "pending complaints" against, and that he is "still [being] assaulted" and has been denied medical treatment for his injuries.  [Doc. 24 at 1–3.]

The Magistrate Judge concluded in the Report that Plaintiff's allegations of assault are vague and conclusory and therefore fail to show a threat of imminent future harm. [Doc. 19 at 3.]  Although this is a close call, the Court disagrees.  "District courts have broad discretion to consider the totality-of-the-circumstances, past and present, to

4

determine whether an incarcerated person faces imminent serious injury at the time of filing." *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022). Further, "if there is a pattern of past conduct that places an incarcerated person in imminent danger of harm, and which is ongoing, then the litigant meets the exception." *Id*. at 225. In considering whether Plaintiff has made the requisite showing, the Court reads Plaintiff's pro se allegations and objections broadly. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Here, Plaintiff's initial Complaint alleged that he has been assaulted over 27 times [Doc. 1 at 5], and his Amended Complaint alleges an additional assault on December 10, 2024 [Doc. 24]. He further alleges that he has been denied prompt medical attention. [*See* Docs. 1; 24.] In his objections to the November 19 Order, Plaintiff argues that the risk of assault based on these recent attacks puts him in imminent danger. [Doc. 16.] Interpreting Plaintiff's allegations broadly for the purposes of the IFP motion, the Court concludes that Plaintiff, who alleges that he was the victim of a relatively recent series of attacks, who was denied prompt medical care for injuries suffered as a result of those attacks, and who remains at the institution where some of the attacks occurred, has alleged a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *See Merriweather v. Poole*, No. 2:10-CV-2567-MBS, 2011 WL 2909889, at *3 (D.S.C. July 18, 2011). Accordingly, the Court sustains Plaintiff's objections and grants his motion for leave to proceed IFP.

**The Report**

As stated, the Magistrate Judge recommends that this action be summarily dismissed without prejudice for Plaintiff's failure to comply with the November 19 Order

and failure to prosecute this action. [Doc. 19.] Plaintiff did not file objections to the Report within the time prescribed.

However, upon review of the Report, the record, and the applicable law, and because the Court grants Plaintiff's motion for leave to proceed IFP, the Court concludes that the Report was prematurely issued. A magistrate judge may "do no more than issue a recommendation" to deny a plaintiff leave to proceed IFP, and the district court is "required to make a de novo determination of those portions of the magistrate judge's recommendation to which objection [is] made." *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (cleaned up). Because at the time the Magistrate Judge issued the Report, Plaintiff's objections to the Magistrate Judge's conclusion that he had to prepay the filing fee were pending, and because the Court now grants Plaintiff's motion for leave to proceed IFP, the Report prematurely recommends summary dismissal of this action for Plaintiff's failure to comply with the November 19 Order and failure to prosecute. *See Curry v. South Carolina*, No. 3:23-cv-05525-JDA, 2025 WL 786584, at *3 (D.S.C. Mar. 12, 2025). Accordingly, the Court rejects the Report.[2]

### CONCLUSION

Based upon the foregoing, the Court GRANTS Plaintiff's motion for leave to proceed IFP [Doc. 2], rejects the Report and Recommendation of the Magistrate Judge

---

[2] As the Magistrate Judge noted, Plaintiff's motion for summary judgment largely restates the allegations in the Complaint. [*See* Doc. 4.] Moreover, a motion for summary judgment is premature at this stage in the case and in light of Plaintiff's Amended Complaint. Accordingly, the Court denies Plaintiff's motion for summary judgment.

[Doc. 19], and DENIES Plaintiff's motion for summary judgment [Doc. 4]. This case is hereby recommitted to the Magistrate Judge for further pretrial handling.[3]

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>
United States District Judge

April 2, 2025
Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] As stated, the Report considered Plaintiff's Amended Complaint but also included all original Defendants in the caption. After the Report was filed, the Clerk terminated all Defendants except the State of South Carolina. Upon review of the original Complaint and the Amended Complaint, it is unclear to the Court whether Plaintiff intended for his Amended Complaint to be construed as a superseding Complaint or for it to be considered a supplement to the original Complaint such that all initial Defendants would remain in the case. The Magistrate Judge should consider this issue upon recommittal and direct the Clerk to reinstate the terminated Defendants if necessary.