IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jerome Curry, *[Flesh and Blood Man]* *Law of Juda Natural Person #253067*, | ) ) ) | Case No. 0:24-cv-05778-JDA |
| Plaintiff, | ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| State of South Carolina, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on Plaintiff's motions for preliminary relief [Docs. 49;
62; 63], 14 motions to amend the Amended Complaint [Docs. 79; 80; 81; 82; 85; 86; 94;
95; 98; 111; 113; 114; 115; 117], three motions for miscellaneous relief [Docs. 83; 90;
119], and two Reports and Recommendations ("Report") [Docs. 69; 106].[1]  In accordance
with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred
to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

**BACKGROUND**

Plaintiff, proceeding pro se, asserts various claims for constitutional violations
against the State of South Carolina.  [Doc. 24.]  On April 24, 2025, the Magistrate Judge
issued an Order identifying pleading deficiencies in Plaintiff's Amended Complaint and

---

[1] On June 11, 2025, the Magistrate Judge issued an Order and Report denying some of
Plaintiff's then-recent motions to amend the Amended Complaint [Docs. 72; 73; 74] and
recommending that the action be summarily dismissed.  [Doc. 75.]  Plaintiff likely did not
receive a copy by mail of this Order and Report [*see* Doc. 99], and the Magistrate Judge
accordingly entered an Amended Order and Report on July 25, 2025 [Doc. 106],
amending the recommendation for summary dismissal of the June 11, 2025, Order and
Report.  [*See* Doc. 109.]  Thus, although the June 11, 2025, Order denying the motions
to amend stands, the Court considers only the recommendations for summary dismissal
contained in the July 25, 2025, Amended Order and Report.

granting Plaintiff the opportunity to amend.  [Doc. 37.]  The Clerk subsequently docketed 18 motions and supplements from Plaintiff, 11 of which the Magistrate Judge construed as motions to amend the complaint [Docs. 39; 41; 42; 43; 44; 45; 47; 56; 59; 62; 65], and three of which the Magistrate Judge liberally construed as motions for preliminary relief [Docs. 49; 62; 63].  On May 28, 2025, the Magistrate Judge issued an Order denying the motions to amend the complaint and granting Plaintiff one last opportunity to file a single amended complaint that is complete in itself and cures the deficiencies identified in the Magistrate Judge's April 24, 2025, Order.[2]  [Doc. 67.]  The Magistrate Judge warned Plaintiff that failure to comply within the time permitted would subject his case to dismissal for failure to prosecute and for failure to comply with an Order of the Court under Rule 41 of the Federal Rules of Civil Procedure.  [*Id*.]  That same day, the Magistrate Judge also issued a Report recommending that the motions for preliminary relief be denied (the "May 28th Report").  [Doc. 69.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the May 28th Report and the serious consequences if he failed to do so.  [*Id*. at 7.]  The Clerk docketed an objection from Plaintiff to the May 28th Report on June 11, 2025.  [Doc. 78.]

On July 25, 2025, the Magistrate Judge issued another Order and Report denying Plaintiff's then-most recent motion to amend the Amended Complaint [Doc. 102] and recommending that the action be summarily dismissed without prejudice for failure to comply with the Magistrate Judge's May 28, 2025, Order under Rule 41 of the Federal

---

[2] The Magistrate Judge also denied Plaintiff's motions for summary judgment [Docs. 40; 46; 56] as premature and his motions for recusal [Docs. 39; 56] because Plaintiff provided no evidence of bias.  [Doc. 67 at 2–3.]

Rules of Civil Procedure or, alternatively, for failure to state a claim upon which relief may be granted (the "July 25th Report").[3]  [Doc. 106.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the July 25th Report and the serious consequences if he failed to do so.  [*Id*. at 5.]  Plaintiff has filed no objections to the July 25th Report and the time to do so has lapsed.

Since the Magistrate Judge issued the July 25th Report, Plaintiff has filed six additional motions, including five motions to amend the Amended Complaint and a miscellaneous motion.  [Docs. 111; 113; 114; 115; 117; 119.]

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not

---

[3] The Magistrate Judge also recommends terminating Plaintiff's motion for a temporary restraining order [Doc. 90] but does not make a specific recommendation regarding Plaintiff's motion to proceed in forma pauperis ("IFP") [Doc. 83] or his nine other motions to amend the Amended Complaint [Docs. 79; 80; 81; 82; 85; 86; 94; 95; 98].  [Doc. 106 at 4 & n.2.]  However, the Magistrate Judge cites to the other motions to amend the Amended Complaint as also failing to state a plausible claim for relief.  [*See id*. at 2–4 & n.1.]

conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## DISCUSSION

The Magistrate Judge recommends Plaintiff's Amended Complaint be dismissed under Rule 41 of the Federal Rules of Civil Procedure because Plaintiff has failed to comply with a Court Order.  [Doc. 106.]  In its May 28, 2025, Order, the Magistrate Judge granted Plaintiff "one last opportunity to file a single amended complaint that cures the deficiencies identified in the court's [April 24, 2025, Order]."  [Doc. 67 at 1.]  The Magistrate Judge warned Plaintiff that failure to comply within the time permitted would subject his case to dismissal for failure to prosecute and for failure to comply with an Order of the Court under Rule 41.  [*Id.*]  Instead of filing a single amended complaint that cured the deficiencies previously identified by the Magistrate Judge, Plaintiff responded to the May 28, 2025, Order with 13 separate motions to amend the Amended Complaint. [*See* Docs. 72; 73; 74; 79; 80; 81; 82; 85; 86; 94; 95; 98; 102].  Moreover, Plaintiff has since filed five additional motions to amend that are also not complete in themselves and do not cure the deficiencies identified by the Magistrate Judge [Docs. 111; 113; 114; 115; 117].  *See Tucker v. Price*, No. 4:22-cv-1861-MGL-MHC, 2023 WL 10449206, at *1 (D.S.C. Jan. 24, 2023) (denying a motion to amend the complaint based on the plaintiff's failure to file a proposed amended complaint and stating that "[a] plaintiff may not amend a complaint in piecemeal fashion by merely submitting additional factual allegations" and an amended complaint "should be complete in itself" (internal quotation marks omitted)); *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("The Federal Rules of Civil Procedure

recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders.").

## CONCLUSION

The Court has reviewed the record in this case, the applicable law, and the Reports of the Magistrate Judge for clear error.  Having done so, the Court accepts the Reports and Recommendations of the Magistrate Judge and incorporates them by reference to the extent not inconsistent herewith.  Accordingly, this action is summarily DISMISSED without prejudice, Plaintiff's motions to amend the Amended Complaint [Docs. 79; 80; 81; 82; 85; 86; 94; 95; 98; 111; 113; 114; 115; 117] are DENIED, and Plaintiff's motions for preliminary relief [Docs. 49; 62; 63] and miscellaneous relief [Docs. 83; 90; 119] are FOUND AS MOOT.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

August 22, 2025
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.